FILED
**United States Court of Appeals
Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**July 3, 2024**

**Christopher M. Wolpert
Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SHANE MICHAEL HANNAFORD,

    Defendant - Appellant.

No. 23-5124
(D.C. No. 4:21-CR-00111-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **TYMKOVICH**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

Shane Michael Hannaford appeals his sentence, arguing that the district court abused its discretion in denying his fifth request to continue his sentencing hearing. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    Background

Mr. Hannaford pleaded guilty on April 15, 2022, to one count of Bank Fraud in violation of 18 U.S.C. § 1344. The United States Probation Office issued a

---

* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

presentence investigation report (PSR) on March 21, 2023.  The PSR identified eleven victims and calculated a restitution amount in excess of $800,000.

The district court scheduled a sentencing hearing for April 28, 2023. Mr. Hannaford proceeded to file four motions to continue the hearing, two of which the government opposed and two of which were unopposed.  The district court granted all four motions.  As a result, the sentencing hearing was postponed from April 28 to June 5, then August 7, then October 3, and ultimately to November 16. The continuances provided Mr. Hannaford an additional six months to prepare for the sentencing hearing.

On November 9, 2023, Mr. Hannaford filed a motion for variance and a sentencing memorandum, both of which he amended on November 13.  The next day, he moved ex parte to continue his sentencing hearing to January 2024.  The district court denied the motion.  It noted that nineteen months had elapsed since Mr. Hannaford's guilty plea, he had already been granted four continuances, and he had recently filed a motion for variance and a sentencing memorandum.  The district court concluded that, despite intervening challenges, Mr. Hannaford had sufficient opportunity to prepare for the hearing.  But the court invited him to seek reconsideration at the sentencing hearing.

Mr. Hannaford renewed his motion for a continuance at his sentencing hearing on November 16, 2023.  He argued that, due to his mental health conditions, his counsel had not been able to properly consult with him to prepare for the hearing.

2

Mr. Hannaford indicated he wanted to object to the number of victims and the total loss amount in the PSR. The government opposed a fifth continuance.

The district court denied Mr. Hannaford's renewed motion. It pointed to (1) the four previous continuances granted, (2) the eight months Mr. Hannaford had to consider the PSR, and (3) the atypical and significant backlog of pending criminal matters before the district court. The court concluded Mr. Hannaford had ample time to mount a defense and objections. It also ruled that, because Mr. Hannaford had not objected to the PSR, he would not be permitted to testify at the hearing regarding the number of victims and restitution.

Proceeding with the sentencing hearing, the district court calculated Mr. Hannaford's guidelines imprisonment range as 27 to 33 months according to the uncontested PSR. The court heard argument from the defense and prosecution and took statements from Mr. Hannaford and two victims. The district court noted an inconsistency between Mr. Hannaford's statement that his mental health had stabilized in late 2018 and his representation in support of a continuance that his health-related issues in 2023 prevented him from communicating about sentencing with his counsel. The court sentenced Mr. Hannaford to 33 months' imprisonment followed by five years of supervised release and ordered him to pay $800,607.14 in restitution.

## II.     Discussion

Mr. Hannaford raises a single issue on appeal: he contends the district court abused its discretion in denying his fifth motion to continue his sentencing hearing.

3

"We review the denial of a motion for continuance for abuse of discretion and will only find error if the district court's decision was arbitrary or unreasonable and materially prejudiced the defendant." *United States v. McClaflin*, 939 F.3d 1113, 1117 (10th Cir. 2019) (internal quotation marks omitted). We consider "four factors: (1) the diligence of the party seeking the continuance; (2) the likelihood the continuance, if granted, would have accomplished the stated purpose; (3) the inconvenience to the opposing party, witnesses, and the court; and (4) the need for the continuance and any harm resulting from its denial." *Id.* (internal quotation marks omitted). "The final factor is the most important." *Id.* (internal quotation marks omitted). Mr. Hannaford argues all four factors weigh in his favor. The government contends that all factors support the court's denial of a fifth continuance.

As to the first factor, Mr. Hannaford asserts that nothing in the record indicates he was not diligent in his preparation. Notably, however, Mr. Hannaford fails to mention that the PSR was issued eight months before he was sentenced, he was granted four previous continuances, and he ultimately had six additional months to prepare for sentencing.

With respect to the third factor, Mr. Hannaford does not dispute the district court's finding that rescheduling his sentencing hearing for a fifth time would inconvenience the court based upon its significant criminal caseload. Rather, he contends only that any such inconvenience should not outweigh his right to properly present evidence.

Regarding factors two and four, Mr. Hannaford argues that, had he been granted a continuance, he would have presented a full picture of the events in the case and demonstrated that certain information in the PSR was incorrect, in particular the number of victims and the extent of relevant conduct, which he says drove the guidelines calculation. The government responds that Mr. Hannaford waived his objections to the PSR. *See* N.D. Okla. LCrR32-4 (providing that objections to PSR are due fourteen days prior to sentencing); *United States v. Hardwell*, 80 F.3d 1471, 1500 (10th Cir. 1996) (holding district court need not hear untimely objections to PSR). Moreover, the government notes that Mr. Hannaford has never offered any evidence that would substantiate objections to the number of victims and the restitution amount.

Mr. Hannaford has not shown that the district court's denial of his fifth motion to continue his sentencing hearing was arbitrary or unreasonable, or that it materially prejudiced him. We conclude he fails to demonstrate that the district court abused its discretion in denying another continuance.

## III.   Conclusion

We affirm the district court's judgment.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge